IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 1ST BANK CARD SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17-cv-8744 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| ZALAK PATEL and MONALI SHAH, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

In this diversity action, Plaintiff 1st Bank Card Services, Inc. ("Plaintiff") brings suit against Defendants Zalak Patel ("Patel") and Monali Shah ("Shah") (together, "Defendants") for breach of contract, tortious interference, defamation per se, and conversion arising out of Plaintiff's employment of Defendants. Currently before the Court is Defendants' amended motion to dismiss the complaint for lack of personal jurisdiction, failure to state a claim, and improper venue [8]. For the reasons explained below, Defendants' motion [8] is granted. Plaintiff's complaint is dismissed for lack of personal jurisdiction.

### STATEMENT

**I. Background**

For purposes of the instant motion, the Court accepts as true the factual allegations relevant to jurisdiction made in Plaintiff's complaint [1-1], and draws all reasonable inferences in Plaintiff's favor. *Cent. States, Se. & Sw. Area Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d 870, 878 (7th Cir. 2006). The Court also takes into consideration any "affidavits or other evidence in opposition to or in support of its exercise of jurisdiction." *Livingston v. Hoffmann–La Roche Inc.*, 293 F. Supp. 3d 760, 764 (N.D. Ill. 2018). The Court resolves in Plaintiff's favor any disputes concerning relevant facts presented in the record. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

The complaint alleges that Defendants were employed by Plaintiff as managers of one of Plaintiff's satellite offices until 2016. The complaint does not identify the location of the satellite office. Defendants state in their affidavits, however, that the satellite office was in New York, New York and that Plaintiff hired them to conduct business and establish a client base in New York City. According to their affidavits, Defendants were domiciled in New Jersey and performed all work duties in New York City while they were employed by Plaintiff.

According to the complaint, Plaintiff and each Defendant entered into a Non-Circumvention Agreement and a Confidentiality Agreement (together, the "Agreements") as a

condition of employment.[1]  In the Non-Circumvention Agreement, each Defendant agreed "not to circumvent, avoid, or bypass [Plaintiff] either directly or indirectly, nor to avoid payment of fees or any compensations and commission or otherwise benefit either financially or otherwise with regard to the introduction of any contacts including but not limited to its assigns 1st Bank Card Services."  [1-1] at 4.  In the Confidentiality Agreements, each Defendant agreed not to disclose any information that he learned in confidence during his employment and agreed to return all confidential information.  The complaint alleges that the Agreements were executed in Cook County, Illinois, which is also Plaintiff's headquarters.  However, in their affidavits, Defendants deny signing any contracts in Illinois.  Plaintiff does not submit its own affidavit.

Defendants allegedly breached the Agreements when they resigned from Plaintiff's employment in 2016.  In particular, Defendants allegedly canceled the accounts of Plaintiff's customers using fraudulent cancellation letters and took the accounts to their new employment.  Defendants also allegedly extracted all of Plaintiff's data, transferred it to their personal flash drives, and destroyed the hard disks in Plaintiff's computer system.  Further, Defendants allegedly wrongfully obtained and stole Plaintiff's confidential information, including customer lists, contract terms, methods of operations, marketing plans, software specifications, software code, and financial information.  In addition, Defendants allegedly provided false information to Plaintiff's clients, including that Plaintiff was bankrupt and closing.  Plaintiff alleges that Defendants actions have caused it to lose customer accounts with a value of over $1.1 million.  Based on these facts, Plaintiff filed a lawsuit against Defendants in Cook County, Illinois Circuit Court for breach of contract, tortious interference, defamation per se, and conversion.

Defendants removed this case to federal court.  Defendants now move to dismiss the complaint for lack of personal jurisdiction, improper venue, and failure to state a claim.  Defendants have submitted affidavits denying any connection to Illinois other than attending one "meet and greet" session with Plaintiff.  Plaintiff has not submitted any affidavits or evidence concerning Defendants' or this dispute's connection with Illinois.

## II.   Personal Jurisdiction

A complaint need not allege personal jurisdiction, but once a defendant moves to dismiss on that ground, the plaintiff bears the burden of establishing that jurisdiction is proper.  *Purdue*, 338 F.3d at 782.  When a defendant submits affidavits opposing jurisdiction or contradicting the plaintiff's allegations, the plaintiff is required to go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction.  *Id.* at 783.  Where, as here, the defendant moves to dismiss a complaint for lack of personal jurisdiction "based on the submission of written materials, without the benefit of an evidentiary hearing, the plaintiff need only make out a prima facie case of personal jurisdiction."  *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565

---

[1] The complaint alleges that Plaintiff is unable to provide copies of the signed original agreements because, on information and belief, Defendants stole them when they resigned from employment with Plaintiff.  Defendants attach unsigned copies of the Agreement to their motion to dismiss.  See [7-3], [7-4].  The Confidentiality Agreement states that it is to be governed and constructed in accordance with Illinois law.  See [7-3] at 4.  The Non-Circumvention Agreement states that the parties agree to have any claims and controversies "settled by the legal entity having jurisdiction over the matter under the laws of the United States and the State of Illinois."  [7-4] at 2.

2

F.3d 1018, 1023 (7th Cir. 2009). "[U]nder the prima facie standard, the plaintiff is entitled to have any conflicts in the affidavits (or supporting materials) resolved in its favor." *Purdue*, 338 F.3d at 783.

Plaintiff's claims arise under Illinois common law. There is no federal statute authorizing nationwide service of process in such cases. Thus, this Court sitting in Illinois may exercise jurisdiction over Defendants only if authorized both by the United States Constitution and Illinois law. *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citing Fed. R. Civ. P. 4(k)(1)(A); *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010)). The Illinois long-arm statute "permits its courts to exercise personal jurisdiction on any basis permitted by the constitutions of both Illinois and the United States." *be2 LLC*, 642 F.3d at 558; see 735 ILCS 5/2-209(c). Thus "the state statutory and federal constitutional inquiries merge." *Tamburo*, 601 F.3d at 700.

The federal test for personal jurisdiction under the Due Process Clause of Fourteenth Amendment authorizes a court to exercise jurisdiction over a non-resident defendant only if the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). In other words, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The requirement that a defendant have "minimum contacts" with the forum ensures that a non-resident defendant will not be forced to litigate in a jurisdiction as a result of "random, fortuitous, or attenuated contacts" with the forum or the unilateral activity of the plaintiff; the defendant "should reasonably anticipate being haled into court" there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985).

"Personal jurisdiction can be either general or specific, depending on the extent of the defendant's contacts with the forum state." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). In this case, Plaintiff asserts only specific personal jurisdiction. See [16-1] at 7. To establish specific personal jurisdiction, Plaintiff must show that its claims against Defendants "arise out of [Defendants'] constitutionally sufficient contacts with the state." *uBid*, 623 F.3d at 425. Whether specific personal jurisdiction over a defendant exists depends on "'the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Keeton v. Hustler Magazine, Inc*., 465 U.S. 770, 775 (1984)). Specific personal jurisdiction exists only if "the defendant's suit-related conduct *** create[s] a substantial connection with the forum State." *Id.* The "three essential requirements" for establishing specific personal jurisdiction are: "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012) (citations omitted).

"With respect to contract disputes" like this one, "'contracting with an out-of-state party alone cannot establish automatically sufficient minimum contacts in the other party's home forum.'" *Northern Grain Marketing, LLC v. Greving*, 743 F.3d 487, 493 (7th Cir. 2014)

(quoting *Purdue*, 338 F.3d at 781); see also *Burger King*, 471 U.S. at 478; *Guaranteed Rate, Inc. v. Conn*, 264 F. Supp. 3d 909, 923 (N.D. Ill. 2017); *Weller v. Flynn*, 2018 WL 2299240, at *7 (N.D. Ill. May 21, 2018). Instead, "[a] breach of contract claim can be litigated in the state where one of the contracting parties resides only if the dealings between the parties in regard to the disputed contract have a 'substantial connection' with that state." *Guaranteed Rate*, 264 F. Supp. 3d at 923 (quoting *Burger King*, 471 U.S. at 479).

To determine if personal jurisdiction exists, the Court must "conduct a context-sensitive analysis of the contract, examining 'prior negotiations, contemplated future consequences, the terms of the contract, and the parties' course of actual dealing with each other.'" *Northern Grain*, 743 F.3d at 493 (quoting *Purdue*, 338 F.3d at 781). "Courts in this district typically look to four factors in determining whether they have specific jurisdiction over defendants" in breach of contract cases: (1) "who initiated the transaction"; (2) "where the negotiations were conducted"; (3) "where the parties executed the contract"; and (4) "where the defendant would have performed the contract." *Corus Intern. Trading Ltd. v. Eregli Demir*, 765 F. Supp. 2d 1079, 1085 (N.D. Ill. 2011) (quoting *MAC Funding Corp. v. N.E. Impressions, Inc.*, 215 F. Supp. 2d 978, 981 (N.D. Ill 2002)) (internal quotation marks omitted); see also *Elorac, Inc. v. Sanofi-Aventis Canada Inc.*, 2014 WL 7261279, at *6 (N.D. Ill. Dec. 19, 2014). Courts in this district also look at "whether the defendant was ever physically present in Illinois in connection with the contract"; "whether payment was to be made in Illinois"; and "the occurrence of telephone calls or other communications to and from Illinois." *MG Design Assocs., Corp. v. CoStar Realty Info., Inc.*, 267 F. Supp. 3d 1000, 1016 (N.D. Ill. 2017).

Defendants have submitted affidavits denying any contact with Illinois except attending one "meet and greet" with Plaintiff. Plaintiff argues that Defendants are subject to specific personal jurisdiction in Illinois because they knew they were contracting with an Illinois-based company. See [16-1] at 6. But contracting with an Illinois company does not alone "establish automatically sufficient minimum contacts in Illinois." *Northern Grain Marketing*, 743 F.3d at 493. And consideration of the factors set forth above leads the Court to conclude that Plaintiff has not established a prima facie case of personal jurisdiction over Defendants. See *Purdue*, 338 F.3d at 782.

There is no evidence about who initiated the business relationship between Plaintiff and Defendants or where the relationship was initiated. The only evidence the Court has about where Plaintiff and Defendants negotiated the Agreements is Defendants' sworn affidavits stating that they never went to Illinois "for any business reason connected to this lawsuit" and never conducted any business at Plaintiff's office in Illinois. See [7-6] at 2-3, [7-7] at 2-3. The complaint alleges that the Agreements were executed in Illinois. However, Defendants state in their sworn affidavits that they did not sign any contracts in Illinois. See *id*. Plaintiff does not offer any affidavits or other evidence to contradict Defendants' affidavits. Therefore, the Court must accept as true Defendants' contention that they did not execute the contracts in Illinois. *Purdue*, 338 F.3d at 783. Defendants performed all of their work under the Agreements in New York. There is no evidence of any payments, telephone calls, or communications being made to Illinois. Although the Agreements contain Illinois choice of law clauses, they do not contain any clauses in which the parties agree to have their disputes resolved by courts located in Illinois.

Based on this sparse record—which Plaintiff had the opportunity to, but did not, augment with its own affidavits or other evidence—Plaintiff fails to show that Defendants' dealings under the Agreements "have a 'substantial connection' with" Illinois. *Guaranteed Rate*, 264 F. Supp. 3d at 923 (quoting *Burger King*, 471 U.S. at 479). Plaintiff also has not made any attempt to establish personal jurisdiction based on Defendants' alleged acts of tortious interference, defamation per se, or conversion. Therefore, the Court grants Defendants' motion to dismiss for lack of personal jurisdiction.

## CONCLUSION

For these reasons, Defendants' amended motion to dismiss the complaint for lack of personal jurisdiction [8] is granted.

Dated: July 27, 2018

_____
Robert M. Dow, Jr.
United States District Judge